The judgment at the Appellate Division should, therefore, be affirmed.

CULLEN, Ch. J., GRAY, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment of conviction affirmed.

---

RICHARD V. MATTISON, JR., Respondent, *v.* AGNES C. MATTISON, Appellant.

Evidence — action for divorce — erroneous admissions of entries in hotel register as evidence against defendant in divorce action — judgment of divorce against alleged paramour not admissible evidence against defendant in action for divorce.

1. Where a witness has refreshed his recollection by reference to an entry or memorandum and testified to the fact therein set forth, such entry is not thereafter properly received in evidence.

2. Entries on a hotel register made by an alleged paramour and conversations between him and a hotel clerk not made or had in defendant's presence are not proper evidence against her.

3. A judgment for divorce against a paramour not a defendant in the action is erroneously received in evidence, although the court states that it was not admitted as against the actual defendant.

4. Entries claimed to be in the handwriting of the alleged paramour upon the register of a hotel other than that where the adultery is claimed to have been committed, were admitted upon the statement of counsel that they were offered as standards of handwriting and as bearing on the question whether the writer may have registered elsewhere under an assumed name. *Held*, error.

*Mattison* v. *Mattison*, 137 App. Div. 918, reversed.

(Argued June 15, 1911; decided October 3, 1911.)

APPEAL from a final judgment in favor of plaintiff, entered March 31, 1910, and from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 11, 1910, affirming an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward Hymes* and *Michael Schaap* for appellant. The admission in evidence of an interlocutory and final judgment of divorce against Dr. Wainright, the corespondent in an action in which he had been defendant and of questions as to his acts upon which that divorce was predicated was error. (*Stevens* v. *Stevens*, 54 Hun, 490; *Beadleston* v. *Beadleston*, 20 N. Y. S. R. 21; *Davis* v. *Davis*, 4 Misc. Rep. 454; 150 N. Y. 571; *Goldie* v. *Goldie*, 39 Misc. Rep. 389; *Hulish* v. *Boller*, 72 App. Div. 559; *People* v. *Molineux*, 168 N. Y. 328.) The admission of the entries in the register of the Hotel Minot was error. (*Berkowsky* v. *N. Y. C. Ry. ·Co.*, 127 App. Div. 544; *People* v. *McLaughlin*, 150 N. Y. 392.)

*Edmund L. Mooney* for respondent. The rulings of the trial justice on the evidence do not warrant a reversal of

the judgment. (*Townsend* v. *Bell*, 167 N. Y. 462; *New York Water Co.* v. *Crow*, 110 App. Div. 32; *Matter of Bernsee*, 141 N. Y. 389; *Post* v. *Brooklyn Heights R. R. Co.*, 195 N. Y. 62; *Forrest* v. *Forrest*, 25 N. Y. 501.) The trial court did not err in admitting a judgment roll in an action of divorce obtained against the corespondent by his wife prior to the commencement of this action, and the questions regarding the acts upon which the divorce was based. (*People* v. *Irving*, 95 N. Y. 541; *People* v. *Dorthy*, 156 N. Y. 237; *Shepard* v. *Parker*, 36 N. Y. 517; *People* v. *Smith*, 37 App. Div. 281; *People* v. *Webster*, 139 N.Y. 73; *People* v. *Gluck*, 117 App. Div. 432; *People* v. *Casey*, 72 N. Y. 393; *Bronner* v. *Frauenthal*, 9 Bosw. 350, 356; 37 N. Y. 166; *Hine* v. *N. Y. El. R. R. Co.*, 149 N. Y. 154; *Hoag* v. *Wright*, 174 N. Y. 36.)

CHASE, J. The plaintiff is a young man, a native of Philadelphia, and the son of wealthy parents. The defendant is the daughter of respectable and refined parents who lived in London and in Glasgow. In 1904 the plaintiff was traveling abroad. In that year the defendant, then being an orphan, lived temporarily with her two sisters in London and was filling an engagement on the English stage. The parties met in October and soon became engaged to be married. They were married in the Church of St. Clement Danes, in London, on November 26, 1904, without the presence or knowledge of the relatives of either. It was a hasty marriage. Like the outcome of many another such a marriage it has proven most unfortunate for both. The plaintiff stated to the defendant in substance that if his father knew of the marriage he would disinherit him and that it must be kept a secret until he had an opportunity to return to his parents to get their consent and approval and then they would have another church wedding. Three days after the marriage he left London for his home and reported to his parents that he had become engaged to a girl in Lon-

6

don. The history of the parties from the date of the marriage until August 5, 1905, is in part, at least, discreditable to both, although it is not claimed that either violated their marriage vows so far as chastity is concerned. In 1905 the defendant came to New York, arriving here May 21, to see her husband. Thereafter the plaintiff's parents were, for the time being, reconciled to the plaintiff's marrying the defendant, and arrangements were made for the marriage of the parties at the summer home of the plaintiff's parents at Newport, R. I., on a day named, and the proposed marriage was formally announced. Circumstances occurred that brought about an entire change of purpose at least on the part of the plaintiff's parents, and on August 5, 1905, the plaintiff came with his wife to New York city and took rooms at a prominent hotel. He left the rooms in the evening on the pretense of going downstairs to write some letters and did not return to his wife. In the morning she received a note from him written the night before, as follows:

"MY DEAR NANCY: It is best that we should not be together to night so I have gone to investigate as I said. When my bag comes in the morning please keep it until I come for it tomorrow. DICK."

He never returned to her, neither was his bag ever delivered at the hotel. He not only left her never to return, but he asked her if she had any money and she gave him two one-hundred-dollar bills and also about twenty dollars in gold which she had in her purse, and he took it away with him. She was left in a strange land, without friends, and except ten dollars which she found in the bottom of her trunk on the following day, wholly penniless. During much of the time thereafter until this action was commenced she was watched by private detectives. This action was commenced August 13, 1907, and she is charged in the complaint with many acts of adultery with a physician whom she first met when she called him to treat her during an illness in January, 1906.

An answer was interposed and the court before whom the action was tried found against the defendant as alleged in the complaint upon various times between February 18, 1906, and August 14, 1907, at five places mentioned in the findings, including Hotel Minot in the city of New York. The court also found that said adulteries were committed without the consent, connivance, privity or procurement of the plaintiff. It also found that the plaintiff left the defendant August 5, 1905, and has since been voluntarily and continuously absent from her, but refused to find that he abandoned her or that he has sought to lead or entrap her into such conduct as might furnish him apparent ground for a divorce.

The Appellate Division has unanimously affirmed the judgment entered upon said findings and this court cannot look at the record except for the purpose of ascertaining whether, as claimed by the appellant, certain errors were committed upon the trial which entitle the defendant to a new trial.

None of the findings relating to the charges alleged against the defendant are based upon direct evidence. The evidence was wholly circumstantial and the findings of adultery are the conclusions of fact found by the court from such circumstantial evidence. The findings relating to the occurrences at Hotel Minot are based solely upon the testimony of a young man who was a night clerk at the hotel and upon the registers of the said hotel. Said young man testified that he saw the defendant with Charles F. Wainwright, said physician, at the hotel four times and upon the following dates, viz., February 19, April 1, 8 and 24, all in 1906. The witness was allowed to examine the hotel register to refresh his memory as to the dates. He testified that after one o'clock on the morning of February 19 the defendant, whom he had never seen before, and Wainwright, whom he knew by sight, came to the hotel, both in a state of intoxication, and that the man walked up to the desk and started to

register, but that he told him he could not register. He further testified that the man declared himself to be Dr. Wainwright and said he would make it hot for the witness and insisted upon registering, but that he put him out of the house. He further testified: "I mean by putting them out of the house, he threatened me and I had to lay hold of a club to frighten him a little bit, and finally pushed them out of the door and bolted the door." He says that the elevatorman was there at the time of such occurrence and that he must have assisted in ejecting them and he also says that one bell boy was on duty and that two or three persons were there. The witness also testified that he remembers seeing the defendant and said physician leave the hotel on April 1, and also on April 8, and that he also recalls their coming to the hotel on April 24. He had testified to the dates from memory after looking at the register. Subsequently the witness was asked to refer to the register again and fix the date of the first occasion in April. The defendant's counsel stated his objections. The record then continues as follows: "The Court: That is right; you must lay proper foundation before he can refresh his memory by reference to a memorandum.

"Mr. Mooney: It is not for that purpose I intended to ask the question. The witness having testified he has a recollection of the incident without the date I am now preparing to offer the book itself on that point."

The witness looked at the book and stated that apart from the book he could state that the date was April 1st. The record then further continues as follows:

"Mr. Mooney: I offer in evidence the fourth line and in connection with that, the date of Sunday, April 1st, indicated by the witness.

"Objected to as immaterial and incompetent.

"The Court: The witness' memory having been refreshed he may testify from his recollection as refreshed but the writing itself is not evidence.

" Objection overruled. Exception taken. Same marked Plffs. Exhibit No. 2.

" Mr. Mooney: The entry is ' Sunday April 1, 1906,' and the line as near as I can read it is ' E. L. Stern & Wife, Phil.' "

The witness did not see the writing put on the register but he says that it was called to his attention by a fellow-clerk when he came on duty and that subsequently the physician and the defendant came down the stairs and the physician, not in the presence of the defendant, gave up a key but he did not notice whether it corresponded with the number opposite the entry which was read in evidence.

Similar evidence was offered relating to an entry on the register of April 8, except that the witness stated that the key that the physician returned to the office when he left on April 8 corresponded with the number opposite the entry that was afterward received in evidence. The objection, ruling and entry are as follows:

" Q. Will you please refer to the entry in the book which refreshes your recollection?

" Objected to as immaterial. Objection overruled. Exception taken. A. On the second line (pointing to entry).

" Mr. Mooney: The second line is offered in evidence together with the date.

" Objected to as immaterial, irrelevant and incompetent and that no proper foundation has been laid. Objection overruled. Exception taken. Said entry and date marked Plaintiff's Exhibit No. 3.

" Mr. Mooney: I do not offer in evidence the entry as proof of the substantive fact, but only in connection with the oral testimony of the witness and only to the extent of the oral testimony.

" Mr. Hymes: Do I understand it is in evidence now. The Court: I overruled your objection."

The entry is E. J. Jinney and wife, New York city.

He also testified that he was present at the hotel April 24, when the defendant and the physician entered the hotel. He testified that the physician came to the desk but that the defendant was not present at the desk but remained in the front of the hotel. The testimony as to the transaction was objected to as incompetent as against the defendant. The record is as follows:

" Q. Proceed.

" Objected to as incompetent as against the defendant. Objection overruled. Exception taken.

" A. I handed the book to him to register and said you better register in your own name, and he did."

The record immediately connected with the receipt of the entry is as follows :

" Q. I ask you to refer to the book which you have spoken of and tell us what you find in the entry therein relating to this last occasion.

" Objected to as incompetent and also involving a conclusion. Objection overruled. Exception taken. Witness examines the book.

" A. All the handwriting on that line is in Dr. Wainwright's hand.   *   *   *

" Mr. Mooney: I offer in evidence the date and line referred to. Objected to as incompetent as against the defendant. Objection overruled. Exception taken. Same marked Plaintiff's Exhibit No. 1. The entry is as follows: ' Mr. & Mrs. J. E. Wainright, City.' "

It is not shown or claimed that the defendant ever saw the register at said hotel or its contents or that she heard anything that was said at the hotel desk. It is beyond dispute that the clerk testified to the dates without the book, and there was not the slightest excuse for putting the register in evidence. (*People* v. *McLaughlin,* 150 N. Y. 365, 392.) The defendant and the physician each testify positively that they were never at the hotel. The elevatorman on duty at the time when it is claimed that the defendant and the physician came to the hotel in a

state of intoxication on February 19 testified that no such occurrence ever took place. Neither the bell boy then on duty, the others present at that time, nor the person in charge of the desk when it is alleged that the physician registered on April 1 and 8, and when it is alleged that they left the hotel following the entry in the register of April 24, have been produced as witnesses. The findings as to the occurrence at Hotel Minot depend upon the truth of the testimony of the night clerk who left the hotel shortly after the occurrence of April 24. The alleged fact of the defendant's going to the hotel with the physician on February 19 and April 24, and of her leaving there with him on April 1 and 8, was fully stated by him with all of the circumstances occurring in the defendant's presence. Such testimony was properly received, but the entries on the register and the conversation at the desk, not made or had in her presence, were not proper evidence as against her. The entries on the register were no more admissible than would have been oral statements made to the clerk by the person registering relating to his purposes and derogatory of the defendant.

Notwithstanding the various statements of the court and of the plaintiff's counsel relating to the receipt in evidence of the entries in the register, they were actually received when there was no valid reason for admitting them. The persistent effort to make such entries a part of the record was to obtain through such evidence an influence in favor of the plaintiff in the determination of very material facts. It was unjustifiable and their admission error.

Dr. Wainwright had been married and his wife obtained a final judgment of divorce against him in April, 1905, in an action brought by her against him, and which he did not defend. Both the interlocutory and final judgment of divorce were obtained against him on his default. On his cross-examination in this action the interlocutory and final judgment in the action

against him were offered in evidence and received subject to an objection by the defendant that such judgments are immaterial and inadmissible against her. After they were so received in evidence the court said: "I will admit it. It is not admitted as against the defendant. There is nothing here admitted so far as the Supreme Court record is concerned between this witness and the former wife as against the defendant. It is admitted as against him." Dr. Wainwright was not a defendant in this action. He appeared in the action by attorney soon after it was commenced, but he did not appear on the trial by attorney or take any part therein. He was present at the trial and was called as a witness by the defendant. The statement that the evidence was received against the witness was volunteered by the court. It was made when he was being cross-examined as a witness called by the defendant. He not only did not appear at the trial in his own behalf, but he had not made any personal statement, nor had he asked to be heard. Following the statement by the court the record is as follows:

"Q. Were not the adulteries for which you were convicted based upon your having registered under an assumed name on two occasions in a hotel known as the Garden Hotel?

"The Court: The word 'convicted' might carry with it under the new Code some criminal punishment. I think you should change the language.

"Q. Was that judgment of divorce against you based upon adulteries committed by you at the time when you registered under an assumed name at a hotel in this city?

"Mr. Hymes: I object on the ground that it is immaterial in any event and incompetent as against this defendant in any event, and that the question itself is incompetent in any event, even as to this witness, as to what the judgment is based upon and not the best evidence.

"The Court: The same ruling. The proof in the case is the best evidence. Exception taken.

"A. According to my personal knowledge, and what I heard of the proceedings, in regard to which I saw, I know nothing about it, it must have been."

His answer is somewhat confused but it is in substance that he knows nothing about it personally, only what he heard of the proceedings. It may be assumed that the summons and complaint were served upon him and from it he would know of the charges made against him. Evidence had to be given in the action against him even upon his default. Therefore, from what he knew of the proceedings he answered the question, "It must have been." The plaintiff then asked the witness whether he made the entry referred to on the Garden Hotel register and he declined to answer. Plaintiff was not content but called a witness who was a waiter at the Garden Hotel, who testified that he had seen Wainwright and he was then shown a register and asked who made certain entries called to his attention and he answered, "Dr. Wainwright," subject to an objection that the evidence was immaterial and not within the issues and to an exception. The entries were then offered in evidence and received subject to an objection that they are immaterial and not within the issues and as being in reference to a collateral matter brought out on cross-examination and an exception was taken. Subsequently plaintiff's counsel stated "That the entries are offered on a two-fold theory, *first*, as standards of handwriting — the handwriting in the other register having been disputed by Dr. Wainwright, and, *secondly*, on the ground that it bears on the question as to whether the doctor may have registered elsewhere under an assumed name." The entries in the Garden Hotel register should not have been received for the purpose of comparing the handwriting with the handwriting on the register of the Hotel Minot, as, if otherwise proper, the entries on the Hotel Minot

register were not properly in evidence. The entries were not properly received to affect the credibility of the witness, as the witness' admissions, if they were otherwise material and proper, did not show the actual commission of adultery by Wainwright. The answers to the questions on the cross-examination of Wainwright simply show that he had been informed and that he assumed that the decree of divorce against him had been based on evidence, whatever it was, which had been received in such uncontested divorce action. The entries on the register of the Garden Hotel constitute but one step among many others that were necessary to be shown before the commission of adultery at that hotel could be inferred. The evidence as to the testimony upon which the decree of divorce against Wainwright was obtained and the entries in the register of the Garden Hotel were clearly erroneous and improper and it tended to influence the court against the defendant in the determination of all the issues presented in this action and it should not have been received.

The defendant insists that the plaintiff deliberately and willfully abandoned the defendant and that .if adultery was committed by her it was with the plaintiff's consent, procurement and connivance and that for both reasons the plaintiff is not entitled to a judgment of divorce. Those questions, which have been elaborately argued by the appellant and an intervenor, are not under the findings unanimously affirmed by the Appellate Division, presented upon this appeal.

For the errors pointed out, the interlocutory and final judgment of divorce should be reversed and a new trial granted.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed, etc.